[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Statewide Grievance Committee, filed a presentment in accordance with Practice Book 31 charging attorney misconduct against the respondent, attorney Peter V. Lathouris, who was admitted to the bar of this state in 1982 and practices law in Stamford. The presentment is in three counts. The first count alleges that the respondent misappropriated approximately $20,000 of funds belonging to a partnership called Ponar Associates. According to the presentment, Ponar had been formed in 1985 by the respondent and the complainant, Richard G. Mazzella, for the purpose of buying, renovating and selling homes. The first count of the presentment involves property owned by the partnership and located at 27 Meadow Lane in Greenwich. The plaintiff alleges the following: that the partnership sold this property on December 28, 1989; that the respondent represented the partnership as its attorney at the closing; that the complainant received from the respondent a handwritten closing statement which indicated that the Bank of Stamford, with whom the partnership had a commercial revolving line of credit, was being paid approximately $82,000 from the proceeds of the closing; that actually the bank received approximately $62,000, as the respondent paid himself $20,000 as reimbursement for prior loans he had made to the partnership; that such payment was made without approval of the partnership and/or by the complainant; that the respondent subsequently prepared a typed closing statement revealing the $20,000 payment to himself, but did not furnish a copy of this statement to the complainant; and that the respondent kept inadequate and incomplete records of amounts of money with which he reimbursed himself. The plaintiff contends that the respondent's conduct violated Rules of Professional Conduct 1.15 and 8.4c regarding safekeeping of a client's funds and dishonest and deceitful conduct, respectively.[1]
The second count of the presentment filed by the Statewide Grievance Committee also related to 27 Meadow Road in Greenwich, as well as the disbursement of a $120,000 deposit received by the partnership on or about November 29, 1989. This count alleges that the respondent appropriated $80,000 of this deposit and reimbursed himself for loans he had previously made to the partnership at a time when the partnership was heavily in debt, without permission of the partnership and without the knowledge and consent of the complainant. The plaintiff claims that this conduct also violates Rules 1.15 and 8.4c.
The third count of the presentment relates to property owned by the partnership at 116 Clapboard Ridge Road in Greenwich. The partnership refinanced this property in March of 1989 and obtained funds totalling CT Page 38 $1,300,000, out of which the respondent deposited $280,000 into his personal account. This count further alleges that in August of 1989, the respondent returned only $200,000 to the partnership, and retained $80,000 for himself. The plaintiff charges that respondent's action, taken without consent or knowledge of the partnership and/or Mazzella, violates Rules 1.15 and 8.4c as well.
This court conducted an evidentiary hearing of these charges during which the respondent and complainant both testified and approximately twenty three exhibits were admitted. The evidence indicates that the allegations contained in the plaintiff's complaint were accurate in the following respects: that the respondent did give the complainant a closing statement when 27 Meadow Lane was sold, which failed to disclose that the respondent took $20,000 from the proceeds and had not remitted the entire $82,000 to the bank; that the respondent did in fact keep $80,000 for himself from the proceeds of the downpayment received in connection with the proposed sale of that same property; and that the respondent did retain $80,000 from the refinancing of the Clapboard Ridge Road property, all without the knowledge and consent of the respondent's client, the partnership, and/or his partner, the complainant.
The evidence also disclosed that the respondent took these funds in order to reimburse himself for loans that he had previously made to the partnership, but that he did so without advising the complainant. The evidence further discloses that when the respondent reimbursed himself, the partnership owed money to third parties.
Although he does not deny that he made the payments to himself as alleged by the Grievance Committee, the respondent argues that he is not guilty of attorney misconduct for several reasons. The first is that the partnership was not formed by a written agreement and that the respondent's reimbursing himself was proper and not in violation of the understanding of the partners. I believe, however, that the complainant was not aware of the respondent's actions and that the complainant did not consent to the respondent's reimbursing himself on occasions when the partnership was heavily in debt. The court interprets the oral partnership agreement to provide that the partnership would first pay all its debts and then divide the proceeds on a 50-50 basis. The respondent, however, unilaterally reimbursed himself on the occasions referred to in the presentment without consent of the complainant, who was his client and partner.
The plaintiff has pointed out that General Statutes 34-56(a) provides that a partner can recover his contributions only after all liabilities have been satisfied, and that General Statutes 34-78(b) provides that reimbursement to partners for their capital and profits may take place CT Page 39 only after the creditors other than the partners themselves have been paid. The court finds that the respondent, who was the attorney for the partnership and in charge of its funds and expenditures, did not follow the mandates of these two statutes.
The respondent argues that the complainant initiated a civil action against him in this court which contained the same allegations complainant made to the Statewide Grievance Committee, and which form the basis of the plaintiff's presentment. Respondent contends that he cannot be deemed guilty of attorney misconduct because a judge of this court did not find probable cause to sustain an attachment of his property, and because the suit was subsequently withdrawn upon the exchange of mutual general releases.
The respondent's argument is similar to the defense of collateral estoppel made and rejected in Weiss v. Statewide Grievance Committee,227 Conn. 802, 819, ___ A.2d ___ (1993). In that case, the statewide grievance committee was neither named as nor in privity with any party to the civil action. Id. The court found that "[a]s a result, the statewide grievance committee's interests were neither protected nor litigated in the civil action" and that "the doctrines of collateral estoppel and res judicata were [therefore] inapplicable to the grievance proceeding." Id. The court also stated that "in a grievance proceeding, the standard of proof applicable in determining whether an attorney has violated the Code of Professional Responsibility is clear and convincing evidence . . . The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof." Id., 812.[2] The court finds that in the case at bar the plaintiff's allegations in all three counts of the presentment are supported by clear and convincing evidence, and that plaintiff's contention of attorney misconduct follows legally and logically from the findings of fact.
As to what degree of attorney discipline is warranted, the court is guided by the principal outlined in Statewide Grievance Committee v. Botwick, supra, 307, to the effect that a court is "not to mete out punishment to an offender, but [so act] that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession." (Internal quotation marks and citations omitted.) Having given the matter a good deal of thought, I have concluded that a mere reprimand will not suffice under the circumstances, and that a long-term suspension or disbarment would be far too severe. Accordingly, and pursuant to Practice Book 29, Attorney Lathouris is suspended from the practice of law for one month, from February 1, 1994 to and including February 28, 1994, and his counsel, Attorney Robert S. Bello, CT Page 40 is appointed to protect the interests of the respondent and his clients during the period of suspension.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of January, 1994.
William B. Lewis, Judge